Filed 9/17/2019 3:27 PM
Anna Goodman
County Clerk
Calhoun County, Texas

Farleigh Sutton, Deputy

2019-CV-0094-CC

CAUSE NO. _____

| | | |
|---|---|---|
| **RAYMOND LEE LOZANO** | * | **IN THE COUNTY COURT** |
| | * | |
| **V.** | | **AT LAW NUMBER** _____ |
| | | |
| **WAL-MART STORES, INC.** | * | **CALHOUN COUNTY, TEXAS** |

---

## PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, RAYMOND LEE LOZANO, Plaintiff herein, and hereby file this their Original Petition complaining of and about WAL-MART STORES, INC., and for cause of action against this Defendant would show the following:

### NOTICE PURSUANT TO RULES 47 AND 169 OF THE   TEXAS RULES OF CIVIL PROCEDURE

1.      Only monetary relief of less than ONE HUNDRED THOUSAND ($100,000.00) DOLLARS, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees is being sought.

### PARTIES AND SERVICE

2.      Plaintiff, RAYMOND LEE LOZANO, is an individual residing in Calhoun County, Texas.  RAYMOND LEE LOZANO's last three digits of his Social Security Number are 401.

3.      Defendant, WAL-MART STORES, INC., is a company authorized to do business in the State of Texas and may be served with citation by serving its registered agent, CT

---

DEFENDANT'S
EXHIBIT

**A**
_____

Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Service may be executed by certified mail.

## JURISDICTION AND VENUE

4.    The subject matter in controversy is within the jurisdictional limits of this Court.

5.    This Court has personal jurisdiction herein because Defendant is a Texas corporation.

6.    Venue in Calhoun County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

7.    On or about June 20, 2018, Plaintiff, Raymond Lee Lozano, entered the defendant's premises, at the invitation of Defendants, for the purpose of shopping. The incident occurred while Plaintiff was in the restroom in Defendant's store located at 400 Tiney Browning Blvd, Port Lavaca, TX 77979. Plaintiff, RAYMOND LEE LOZANO slipped and fell due to a slippery substance on the floor in the men's restroom.   As a result of the fall, Plaintiff sustained injuries which required medical attention.   Nothing Plaintiff did or failed to do was in any way a cause or contributing factor to this incident.

## NEGLIGENCE

8.    At all times mentioned herein WAL-MART STORES, INC. owned the property in question, located at 400 Tiney Browning Blvd, Port Lavaca, TX 77979.

9.     At all times mentioned herein WAL-MART STORES, INC. had such control over the premises in question that WAL-MART STORES, INC owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

10.     WAL-MART STORES, INC., its agents, servants, and employees negligently permitted the floor to be covered with a slippery substance, in the pathway of customers, and allowed such condition to continue and negligently or willfully failed to warn Plaintiff of the slippery substance. This condition existed despite the fact that WAL-MART STORES, INC or its agents knew or should have known of the existence of the watery substance on the floor and that there was a likelihood of a person being injured as occurred to Plaintiff.

11.     Furthermore, Plaintiff would show the court that the slippery substance on the floor had continued for such a period of time that had WAL-MART STORES, INC or its agents exercised ordinary care in the maintenance of the store, it would have been noticed and corrected by such persons.

12.     At all times pertinent herein, WAL-MART STORES, INC., and any of its agents, who were acting in the scope of their employment were guilty of negligent conduct toward the Plaintiff in:

       (a)     failing to properly inspect and maintain the store in a reasonably safe manner;

       (b)     failing to give warnings to Plaintiff of the watery substance that existed;

       (c)     failing to post warning signs, cones or protective barriers around the slippery substance;

       (d)     failing to discover and remove the slippery substance in the way of customers that may cause harm to customers; and

(e)     failing to discover and remove the slippery substance within a reasonable time.

## PROXIMATE CAUSE

13.     Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## DAMAGES

14.     As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Plaintiff, RAYMOND LEE LOZANO, were caused to suffer injuries, and to endure pain and illness resulting in damages more fully set forth below.

## INJURIES SUSTAINED BY RAYMOND LEE LOZANO

15.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, RAYMOND LEE LOZANO, has incurred the following damages:

(a)     Reasonable medical care and expenses in the past;

(b)     Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

(c)     Pain and suffering in the past;

(d)     Pain and suffering in the future;

(e)     Mental anguish in the past; and

(f)     Mental anguish in the future.

18.    Plaintiff now sues for the recovery of monetary damages of ONE HUNDRED ($100,000.00) DOLLARS or LESS INCLUDING DAMAGE OF ANY KIND, PENALITIES, COSTS, EXPENSES pre-judgment interest and attorney's fees.

19.    Plaintiff requests both prejudgment and post-judgment interest on his damages as allowed by law.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, RAYMOND LEE LOZANO, respectfully pray that the Defendant, WAL-MART STORES, INC., be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for Plaintiff against the Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; attorney's fees and such other and further relief to which Plaintiff may be entitled at law.

Respectfully submitted,

**THE LAW OFFICES OF WILLIAM BONILLA, P.C.**

_____/s/_____

**CLAY BONILLA**
State Bar No. 24055193
2727 Morgan Avenue, Third Floor
Corpus Christi, Texas 78405
O:  361.882.8284
F:  361.881.1031
E:  clay@bonillalaw.com
_Attorney for Plaintiff_